PER CURIAM:
On December 25, 1988, claimant Thomas R. Burgess, II, sustained personal injuries when he fell through Bridge 2, on Toney Fork, in Raleigh County, West Virginia. This bridge is owned and maintained by respondent. Claimant Thomas R. Burgess incurred medical expenses on behalf of his son in the amount of $545.71. The Court, on its own motion, added Thomas R. Burgess as a party claimant as he is the father of Thomas R. Burgess, II.
Thomas R. Burgess, II, eighteen years of age at the time of this incident, testified that his father had parked the automobile which he was driving on part of the bridge to pick up *3 a cousin and himself. They had been playing basketball at a community center. Claimant, Thomas R. Burgess, II, approached the automobile to open the door when he felt the board of the bridge floor break from under his feet. He let go of the door handle and tried to catch the runner on the bridge, but it was not nailed down. He then fell approximately five feet into the creek below the bridge. The runner from the bridge landed on top of him. He was taken to the hospital by an ambulance. It was determined that he had suffered damage to the cartilage in his knee. He used crutches for three weeks and spent two months rehabilitating his knee.
Respondent's witnesses described the bridge as a wooden structure, twenty feet long and sixteen feet wide, and approximately ten-to-twelve years old. Bridge inspections were made on a routine basis of approximately every two months. The bridge inspector found no problems with the bridge, "except for maybe a loose board or two on it."
From the evidence in this claim, the Court has determined that respondent had constructive notice of the condition of the bridge deck. Claimant, Thomas R. Burgess, II, stated that the bridge deck appeared to be rotten from underneath the bridge. There was no negligence on the part of claimant, Thomas R. Burgess, II, when he stepped onto the bridge and suddenly fell through the bridge deck. This Court has found negligence on the part of respondent for maintenance of wooden bridges in circumstances similar tot he claim herein. See Paula H. Merideth v. Dept. of Highways, Opinion issued January 27, 1987.
Therefore, the Court is of the opinion to, and does, make awards in the amount of $545.71 to Thomas R. Burgess for medical expenses which he incurred on behalf of his son and $750.00 to Thomas R. Burgess, II, for the injuries which he received as a result of this incident.
Award of $545.71 to Thomas R. Burgess.
Award of $750.00 to Thomas R. Burgess, II.